UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>             Plaintiff,<br><br>    v.<br><br>R. SCOTT, et al.,<br><br>             Defendants. | No.  2:22-cv-02300-CKD P<br><br><br>ORDER |

Plaintiff is a civil detainee proceeding pro se in an action brought under 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motion for the appointment of counsel and a motion to amend his complaint. The court will address each motion in turn.

**I.      Motion for Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970

(9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Despite plaintiff's physical and mental disabilities, his pleadings are coherent and logical.

### II.    Motion to Amend

On May 23, 2023, the court screened plaintiff's complaint and ordered that this case proceed against defendants R. Scott, S. Scott, Lautenslager, and John Doe Psychiatric Technician based on Eighth Amendment deliberate indifference claims. ECF No. 6. In the same order, plaintiff was advised that service could not be initiated against the John Doe Psychiatric Technician until "plaintiff has identified his or her real name and amended the complaint to substitute this defendant's actual name." ECF No. 6 at 1, n. 1. Plaintiff has filed a one page notice identifying the name of the John Doe Psychiatric Technician described in the complaint. ECF No. 12. The court liberally construes plaintiff's notice as a motion to amend his complaint to identify the John Doe defendant in this case. However, plaintiff's motion was not accompanied by a proposed amended complaint that substitutes the actual name of the John Doe Psychiatric Technician. As a result, the court denies plaintiff's motion to amend without prejudice to refiling along with a proposed first amended complaint within 30 days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 16) is denied without prejudice.

2. Plaintiff's notice docketed on August 3, 2023 is construed as a motion to amend the complaint. So construed, the motion (ECF No. 12) is denied without prejudice to refiling with a proposed first amended complaint identifying all defendants by their actual names within 30 days

1  from the date of this order.

2  Dated: October 17, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kend2300.31.new+m2amend