1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FORREST KENDRID,                          No.  2:22-cv-02300-CKD P

12                    Plaintiff,

13          v.                                   ORDER AND

14    R. SCOTT, et al.,                          FINDINGS & RECOMMENDATIONS

15                    Defendants.

16

17          Plaintiff is a former state prisoner proceeding without counsel with a civil rights action

18    pursuant to 42 U.S.C. § 1983. On October 11, 2024, defendants filed a motion to dismiss under

19    Federal Rules of Civil Procedure 41 and 37 based on plaintiff's failure to prosecute. Plaintiff has

20    not opposed the motion.

21          On December 6, 2023, the court advised plaintiff that motions to dismiss shall be briefed

22    pursuant to Local Rule 230(l). (ECF No. 37 at 6.) In addition, by order filed November 19, 2024,

23    plaintiff was ordered to file an opposition to the pending motion to dismiss or a statement of

24    voluntary dismissal of this action. (ECF No. 50.) Plaintiff was specifically cautioned that failure

25    to comply with that order would result in a recommendation that this action be dismissed pursuant

26    to Federal Rule of Civil Procedure 41(b). (Id.) The time granted has expired, and plaintiff has not

27    complied with the order or otherwise responded to the court.

28    ////

                                                    1

1    "District courts have inherent power to control their dockets" and, in exercising that

2    power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City

3    of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

4    party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g.,

5    Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with

6    a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th

7    Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d

8    1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

9    In determining whether to dismiss an action, the court considers several factors: (1) the public's

10   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

11   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

12   merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th

13   Cir. 1988).

14        The court has considered the five factors set forth above. The first two factors strongly

15   support dismissal of this action. Plaintiff's failure to comply with the Local Rules and the court's

16   November 19, 2024 order suggests plaintiff has abandoned this action. The third factor, prejudice

17   to defendants from plaintiff's failure to oppose the motion, slightly favors dismissal. Plaintiff's

18   failure to oppose the motion has already caused delay of this action, and a presumption of injury

19   arises from unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524

20   (9th Cir. 1976). The fifth factor also favors dismissal. The court advised plaintiff of the

21   requirements under the Local Rules and granted additional time to oppose the pending motion, to

22   no avail. Thus, the court finds no suitable alternative to dismissal of this action.

23        The fourth factor, public policy favoring disposition of cases on their merits, does not

24   weigh in favor of dismissal as a sanction. However, the factors supporting dismissal outweigh this

25   factor. Accordingly, defendants' motion should be granted and this action should be dismissed for

26   plaintiff's failure to prosecute.

27        For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court

28   shall assign a district judge to this case.

1    In addition, IT IS HEREBY RECOMMENDED as follows:

2    1.  Defendants' motion to dismiss for failure to prosecute (ECF No. 49) be GRANTED.

3    2.  This action be DISMISSED without prejudice based on plaintiff's failure to prosecute.

4    See Fed. R. Civ. P. 41(b).

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties. Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

10   objections shall be filed and served within fourteen days after service of the objections. The

11   parties are advised that failure to file objections within the specified time may waive the right to

12   appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13   Dated:  January 15, 2025

14   _____
     CAROLYN K. DELANEY
15   UNITED STATES MAGISTRATE JUDGE

16

17   8, kend2300.nooppo.fr

18

19

20

21

22

23

24

25

26

27

28

3